ROCKLAND, MT. DESERT AND SULLIVAN STEAMBOAT COMPANY

*vs.*

ARTHUR SEWALL, administrator.

Knox. Opinion June 12, 1888.

*Corporation. Stock subscription. Waiver.*

An agreement signed by several to form a corporation under the general statute, fixing the capital stock at forty thousand dollars, by which each

agrees to contribute towards the capital the sum set against his name, is not an agreement to take and pay for a certain number of shares of the capital stock when the corporation is formed, and no action can be maintained upon it by the corporation, unless the whole amount of the capital is subscribed and taken, or there is a waiver of such subscription by the subscriber.

ON report.

Assumpsit to recover the par value of ten shares of capital stock which the plaintiff alleges the defendant's intestate agreed to take and pay for, by signing an agreement to form a corporation with a capital stock of forty thousand dollars and to take and pay for ten shares of the same.

The point is stated in the opinion.

*A. P. Gould,* for the plaintiff.

This case is not dissimilar from the case of *R. R. Co.* v. *Kinsman,* 77 Maine, 370.

For authority in that case reference is made to *Kennebec & P. R. R. Co.* v. *Jarvis,* 34 Maine, 360.

The decision in the latter case is quoted and its reason expressly sanctioned in *R. R. Co.* v. *Buck,* 65 Maine, 536.

In *R. R. Co.* v. *Veazie,* 39 Maine, 571, the charter provided the minimum number of shares, and that number was not subscribed.

The authorities cited by the court in the former opinion are in conflict with the equitable and sensible decision of our own court. The attention of the Massachusetts court seems not to have been drawn to the distinction made by our court.

If there had been no organization of a corporation there could be no question but that Mr. Sewall would have been responsible to contribute to his associates the sum of one thousand dollars towards the construction of the steamer. This liability became, by force of the organization into a corporation, a debt due to that body, upon the principle settled in many cases where the subscription was before the charter was obtained. *K. & P. R. R. Co.* v. *Palmer,* 34 Maine, 366; *Penobscot R. R. Co.* v. *Dummer,* 40 Maine, 172; *Thompson* v. *Page,* 1 Met. 565.

Sewall was a member of the corporation and became such by signing the preliminary articles of agreement, and as such was affected by all its corporate doings.   The record of its doings is the most proper evidence of the proceedings of the corporation. *Penobscot & K. R. R.  Co.* v *Dunn*, 39 Maine, 587 ; *R. R. Co.* v. *Dummer*, 40 Maine, 172.

*C. W. Larrabee*, for defendant, cited this case : 78 Maine, 167 ; 1 Chitty's Pl. (12 Am.  ed.)  320 ; *Cabot &c.  Bridge* v. *Chapin*, 6 Cush. 53 ; Wood's Field, Corporations, § 78 ; *K. & P. R. R.  Co.* v. *Waters*, 34 Maine, 369.

LIBBEY, J.   This action has already been before this court when it was held that upon the evidence as then reported, it was not maintainable, 78 Maine, 167.   The case was then carefully and fully considered, and unless as now reported there is some element in it not then before the court which should change the result, we must affirm that decision.  Upon a careful examination of the report the only new evidence that we discover is that tending to show that Edward Sewall, the defendant's intestate, was present when some negotiations were had by a committee of the associates, prior to the organization of the corporation, with one Fessenden for the construction of a steamboat for the use of the corporation when formed, and although not a member of the committee, at some stage in the negotiations participated in the general conversation in regard to the contract ; but the contract was not made until sometime afterwards, and it does not appear whether he advised the making of the contract or opposed it.  If he advised it we do not see how it can affect his liability in this case.   This action is not upon that contract seeking to charge him as one of the contracting parties, nor is it in behalf of the other associates for a contribution by him towards the payment for the boat.   But it is upon the contract signed by him for what he agreed to contribute towards the capital stock of the plaintiff corporation when organized.   And the question here is whether he is legally liable to the plaintiff on that contract. That question was determined by this court by its former decision. But we are urged by the learned counsel for the plaintiff

to reconsider the case and to reverse that decision. It is claimed by him, that Mr. Sewall's contract was to take and pay for ten shares of the capital stock of the corporation when organized unconditionally and without regard to any assessments, and that the case comes directly within the authorities in this state cited by him in which the defendant has been held liable on such a contract. We think the error is in treating Mr. Sewall's contract as an unconditional one to take and pay for ten shares of the stock whether the capital was all subscribed or not. The agreement signed by him was one signed by the several associates agreeing to form a corporation for the purpose therein specified, and fixing the capital stock at forty thousand dollars, divided into shares of one hundred dollars each. And the parties agreed to contribute toward the capital of the company thus fixed the sum of money that they might severally place against their names. Sewall signed, placing against his name ten shares. This was equivalent to an agreement by him to contribute a thousand dollars towards the capital of the corporation fixed at forty thousand dollars. We think fairly construed that his liability was to depend upon the capital stock being all subscribed for and taken, that he was to contribute one-fortieth of the capital. Clearly it cannot be held that his undertaking was to become a stockholder in a corporation having for its object the purchase and running of a steamboat as specified in the agreement with only five thousand dollars of its capital subscribed for, so that he would bear one-fifth of the liability; and this we understand to be the ground upon which it was before decided.

There is nothing in the evidence reported which can be held to prove that Mr. Sewall ever modified the contract declared upon by, in any way, waiving his right to have all the capital taken. We think the case is clearly within the doctrine of *Eaton* v. *The Pacific Bank*, 144 Mass. 260.

*Judgment for the defendant.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.